Chum? Justice Marshall
delivered the opinion-of the Court.
The insolvency of Cox while he held the note on Craig & Smith and ever since, is ah equitable ground for setting off against the note the demand upon Cox which Craig & Smith held before he assigned the note to Coly.er. This ground is sufficiently established by the evidence, as .is also the fact that the demands claimed to be set off were held by Craig & Smith before the assignment of their note to Colyer.
■Of these demands three were evidenced by assigned notes, and the assignors were not necessary parties. A fourth is the note to J. L. Adams, not assigned, but his .answer admits the sale of* it to Craig & Smith. A fifth and sixth consist .of two executions in favor of W. Jones, and purporting to be -assigned by him to Cr§,i-g,. .& .Smith. As this assignment did not pass 'the legal ■title, Jones was in strictness a necessary party. But-.as the .executions .amount only .to about ten or eleven dollars, and Jones in his deposition proves the assignment, thus in effect securing the object-of-making him a formal *74 party, the decree will not be reversed for the failure to bring him before the Court as a defendant. And as it •appears that the aggregate amount of the claims above enumerated, With interest up to the maturity of the note of Craig & Smith, comes within less than a dollar of the sum.allowed as a set off, which deficit is compensated by an excess in the ten per cent, damages allowed upon interest accruing after the date of the injunction, we are of opinion that the failure to bring before the Court the assignors of other claims, not necessary to make up the set off allowed, is no ground of reversal. And that there is no error in the proceedings to the prejudice of Colyer’s administrator.
B. Monroe for plaintiff; Bell for defendants.
Wherefore the decree is affirmed.